**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**
(Eastern Division)

| | |
|---|---|
| In re:<br><br>PREMIER PROPERTY SOLUTIONS, LLC,<br><br>Debtor. | Chapter 7<br><br>Case No. 26-12134-JEB |

# APPLICATION OF CHAPTER 7 TRUSTEE FOR ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF MURPHY & KING, PROFESSIONAL CORPORATION AS SPECIAL LITIGATION COUNSEL TO THE TRUSTEE

To the Honorable Janet E. Bostwick, United States Bankruptcy Judge:

Gary M. Weiner, Esq., the duly appointed Chapter 7 trustee (the "Trustee") of the bankruptcy estate (the "Estate") of Premier Property Solutions, LLC (the "Debtor"), respectfully requests that the Court enter an order, substantially in the form attached hereto as Exhibit A (the "Proposed Order"), pursuant to Section 327(e) of the Bankruptcy Code and, to the extent the Court deems necessary, Sections 327(a) and 327(c) of the Bankruptcy Code, Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure, and MLBR 2014-1, authorizing the Trustee to employ and retain Murphy & King, Professional Corporation ("M&K") as special litigation counsel to the Trustee, for the specified special purposes described herein, effective as of November 11, 2026. M&K is not being employed as general bankruptcy counsel to the Trustee and will not represent the Trustee in conducting this case. In support of this application (the "Application"), the Trustee relies upon the Affidavit of William R. Moorman, Jr. in Support of Application of Chapter 7 Trustee to Employ and Retain Murphy & King, Professional Corporation as Special Litigation Counsel (the "Affidavit"), attached hereto as Exhibit B and incorporated herein by reference. In further support of this Application, the Trustee respectfully states as follows:

## JURISDICTION

1. The Court has jurisdiction to consider and determine this Application pursuant to 28 U.S.C. § 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested in this Application are Sections 327(e), 327(a), 327(c), 330, and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and MLBR 2014-1 and 2016-1.

## BACKGROUND

3. On September 7, 2026, an involuntary petition for relief under Chapter 11 of the Bankruptcy Code was filed against the Debtor by four petitioning creditors (collectively, the "Petitioning Creditors"), each of which was represented by M&K.

4. On October 1, 2026, an order for relief was entered against the Debtor.

5. On October 5, 2026, following a status conference, the Court ordered the appointment of a Chapter 11 trustee [Docket No. 15]. The United States Trustee appointed Gary M. Weiner as Chapter 11 trustee [Docket No. 16], and the Court approved the appointment on October 13, 2026 [Docket No. 19]. On October 13, 2026, the Trustee filed an expedited motion to convert the case to Chapter 7 [Docket No. 20], which the Court granted on October 21, 2026 [Docket No. 31].

6. On October 23, 2026, the Trustee was appointed as the Chapter 7 trustee [Docket No. 34], and he is the duly appointed and qualified trustee of the Estate.

7. The Debtor is a Boston-based property management company with its principal place of business at 190 High Street, Floor 6, Boston, Massachusetts. Prior to the Petition Date,

the Debtor served as managing agent for an estimated 200 condominium associations in the Boston area. In that capacity, the Debtor controlled the associations' bank accounts, collected regular and special assessments, received insurance proceeds, paid vendors, and provided financial reporting to the associations' boards of trustees. Condominium associations have alleged that substantial funds entrusted to the Debtor were transferred without authorization and cannot be accounted for.

8. On May 11, 2026, the Debtor made an assignment for the benefit of creditors of substantially all of its assets to PPS ABC, LLC, c/o KCP Advisory Group, LLC (the "Assignee"), pursuant to an Assignment for the Benefit of Creditors of that date (the "ABC Agreement"). The ABC Agreement authorized the Assignee to enter into a Transition Services Agreement (the "TSA") and an Asset Purchase Agreement (the "APA"), each dated as of May 11, 2026, with SBC2, LLC ("SBC2"), as buyer, and to continue operating the Debtor's business consistent with the TSA and APA.

9. By order dated November 10, 2026 [Docket No. 39], the Court authorized the Trustee to retain his firm, Weiner Law Firm, P.C. ("WLF"), as counsel to the Trustee under Section 327(a) of the Bankruptcy Code. On October 30, 2026, the Trustee applied to employ Verdolino & Lowey, P.C. ("V&L") as accountant to the Estate [Docket No. 38]; that application remains pending.

## RELIEF REQUESTED

10. By this Application, the Trustee seeks entry of the Proposed Order authorizing the employment and retention of M&K as special litigation counsel to the Trustee pursuant to Section 327(e) of the Bankruptcy Code and, to the extent necessary, Sections 327(a) and 327(c), with compensation to be paid only upon further application to, and approval by, the Court pursuant to Sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, and MLBR 2016-1.

## APPLICABLE STANDARDS FOR EMPLOYMENT OF SPECIAL COUNSEL

11. Section 327(a) of the Bankruptcy Code governs the employment of a trustee's general professionals. It permits a trustee, with the Court's approval, to employ attorneys and other professionals that do not hold or represent an interest adverse to the estate and that are "disinterested persons" as defined in Section 101(14) of the Bankruptcy Code, to represent or assist the trustee in carrying out the trustee's duties. The Trustee's general bankruptcy counsel, WLF, has been proposed for employment on that basis.

12. Section 327(e) of the Bankruptcy Code establishes a different and narrower standard for counsel employed for a limited purpose. Under Section 327(e), the trustee, with the Court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if such employment is in the best interest of the estate and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed. 11 U.S.C. § 327(e). Unlike Section 327(a), Section 327(e) does not require that special counsel be disinterested in all respects; the adverse-interest inquiry is confined to the specific matters for which counsel is retained.

13. Section 327(e), by its terms, refers to an attorney "that has represented the debtor." M&K has not represented the Debtor; prior to the order for relief, M&K represented the Petitioning Creditors. Accordingly, to the extent the Court determines that Section 327(e) does not apply to M&K's retention, the Trustee alternatively requests authority to employ M&K for the same limited special purposes under Section 327(a). As set forth in the Affidavit, M&K does not hold or represent an interest adverse to the Estate and is a disinterested person, and therefore satisfies the requirements of Section 327(a) as well as Section 327(e). Under either provision, M&K's

employment would be limited to the specified matters described below, and M&K would not represent the Trustee in conducting the case.

14. Section 327(c) of the Bankruptcy Code further provides that, in a case under Chapter 7, a person is not disqualified for employment under Section 327 solely because of that person's employment by or representation of a creditor, unless another creditor or the United States Trustee objects, in which case the Court shall disapprove the employment if there is an actual conflict of interest. 11 U.S.C. § 327(c). M&K's prior representation of the Petitioning Creditors therefore does not disqualify M&K from employment. As set forth below and in the Affidavit, M&K is not aware of any actual conflict of interest arising from that representation.

15. Bankruptcy Rule 2014(a) requires that an application to employ a professional state specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, and any person employed in the Office of the United States Trustee. The application must be accompanied by a verified statement of the person to be employed setting forth those connections. MLBR 2014-1 imposes additional requirements for applications to employ in this District. This Application and the Affidavit are submitted to satisfy those requirements.

**RETENTION OF M&K AS SPECIAL LITIGATION COUNSEL**

16. The Trustee has determined that the Estate may hold valuable claims and causes of action against various parties arising from the Debtor's pre-petition conduct and the losses suffered by the Debtor's estate and its creditors. The investigation and prosecution of those claims, and the pursuit of related insurance recoveries, will require substantial litigation resources and expertise

beyond the general administration of the Estate. The Trustee therefore seeks to employ M&K as special litigation counsel for the following specified special purposes, without limitation:

a. Investigating and analyzing potential claims and causes of action of the Estate against various parties, including, without limitation, principals of the Debtor, the Debtor's lenders and banking institutions, and any other parties that may bear responsibility for harm caused to the Estate and its creditors, including claims based on aiding and abetting, civil conspiracy, and similar theories of secondary or derivative liability;

b. Investigating and analyzing all transactions between the Debtor, the Assignee, and SBC2, including the TSA, the APA, and any transfers of the Debtor's assets, customer relationships, or funds in connection with the ABC Agreement, and, as the Trustee determines appropriate, prosecuting any resulting claims other than Chapter 5 avoidance actions;

c. Advising the Trustee with respect to the merits, value, and collectability of such claims, and commencing and prosecuting actions on behalf of the Estate on such claims in this Court or in any other court of competent jurisdiction;

d. Identifying, reviewing, and analyzing insurance policies under which the Debtor is or may be an insured or beneficiary, and communicating, negotiating, and, if necessary, litigating with insurers regarding potential insurance recoveries for the benefit of the Estate under those policies;

e. Conducting discovery in connection with the foregoing, including examinations under Bankruptcy Rule 2004, subject to coordination with the Trustee and WLF;

f. Negotiating and documenting any settlement of the foregoing claims, subject to the Trustee's approval and to Court approval under Bankruptcy Rule 9019; and

g. Performing such other legal services as the Trustee may request that are reasonably related to the matters described in subparagraphs (a) through (f) above.

17. M&K will not represent the Trustee in conducting this case. WLF will continue to serve as general counsel to the Trustee with respect to the administration of the Estate. M&K and WLF will coordinate their efforts and will take every reasonable step to avoid duplication of services. Avoidance actions under Chapter 5 of the Bankruptcy Code, including actions to avoid

and recover preferential and fraudulent transfers, will be handled by WLF and are not within the scope of M&K's employment. To the extent M&K's investigation identifies potential avoidance claims, M&K will refer them to the Trustee and WLF.

18. The Trustee has selected M&K because of its extensive experience in bankruptcy litigation, creditors' rights, and complex commercial litigation, including the prosecution of estate claims against insiders, lenders, and other third parties, and the pursuit of insurance recoveries. In addition, through its representation of the Petitioning Creditors, M&K has become familiar with the Debtor's business and affairs and with the circumstances that led to the filing of the involuntary petition. M&K's familiarity with these matters will allow it to represent the Trustee efficiently and will avoid the cost to the Estate of new counsel becoming familiar with the same facts. The Trustee therefore believes that M&K's employment is in the best interest of the Estate.

19. The Trustee requests that the Court approve M&K's retention effective as of November 11, 2026. Before that date, M&K performed limited preliminary work and participated in several conference calls with the Trustee. M&K has agreed to waive, and will not seek compensation from the Estate for, any fees for services rendered before November 11, 2026.

**COMPENSATION**

20. M&K will seek compensation based upon its normal and usual hourly billing rates and will seek reimbursement of actual and necessary expenses. The current hourly rates of the M&K attorneys and paraprofessionals expected to work on this matter are set forth in the Affidavit. M&K's attorney rates currently range from $340 to $795 per hour, and its paralegals are charged at $295 per hour. The hourly rate of William R. Moorman, Jr., the attorney primarily responsible for this engagement, is $725.

21. M&K reviews its hourly billing rates periodically, and they typically change once each calendar year, on either January 1 or May 1, in the ordinary course of its business. In the event of such an adjustment, M&K will seek compensation at the adjusted hourly rate from and after the date of the adjustment and will file a supplemental disclosure of the adjusted rates.

22. M&K will maintain detailed, contemporaneous records of time and any actual and necessary expenses incurred in connection with the rendering of the legal services described above by category and nature of services rendered.

23. M&K has not received a retainer from the Trustee or the Estate in connection with this engagement. All compensation and reimbursement of expenses to M&K shall be subject to allowance by the Court upon appropriate application pursuant to Sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, MLBR 2016-1, and any orders of this Court. M&K has not agreed to share any compensation with any person other than the shareholders and employees of M&K.

**DISINTERESTEDNESS AND DISCLOSURE OF CONNECTIONS**

24. The Affidavit has been filed in support of this Application in accordance with Bankruptcy Rules 2014 and 2016 and MLBR 2014-1. The Trustee refers the Court to the Affidavit for a full statement of M&K's connections, which the Trustee summarizes as follows.

25. Petitioning Creditors. M&K represented the four Petitioning Creditors in filing the involuntary petition against the Debtor and attending related hearings. M&K is not aware of any conflict between the interests of the Estate and the interests of any of the Petitioning Creditors with respect to the matters on which M&K is to be employed. If any such conflict arises, M&K will promptly report it to the Court and the Trustee, and M&K will not be involved in any action adverse to any of the Petitioning Creditors.

26. Harold B. Murphy. Harold B. Murphy, a shareholder of M&K, and his spouse reside in a condominium that was affected by the Debtor's conduct. The condominium association believes that its loss was less than $25,000 and that its loss will be covered by its own insurance. Mr. Murphy is not a member of the association's board of trustees and M&K does not represent the association.

27. Verdolino & Lowey, P.C. M&K has longstanding professional relationships with V&L, the Estate's proposed accountant, in wholly unrelated matters, as described in the Affidavit and in the Signed Statement of Matthew R. Flynn filed in support of the Trustee's application to employ V&L.

28. To the best of the Trustee's knowledge, and except as set forth in the Affidavit, M&K, its shareholders, counsel, and associates (a) are not creditors, equity security holders, or insiders of the Debtor; (b) are not and were not directors, officers, or employees of the Debtor; (c) do not hold or represent any interest adverse to the Debtor or the Estate with respect to the matters on which M&K is to be employed, or otherwise; and (d) are not related to any judge of this Court, the United States Trustee, or any person employed in the Office of the United States Trustee in the District of Massachusetts.

29. Accordingly, the Trustee believes that M&K satisfies the requirements for employment as special counsel under Section 327(a) and (c) of the Bankruptcy Code (and Section 327(e) by analogy to the extent it may be used by the Court to consider whether M&K holds an "adverse interest" *with respect to the specific subject matter of the retention*), that M&K and its shareholders, counsel, and associates are also "disinterested persons" within the meaning of Section 101(14) of the Bankruptcy Code, and that M&K's employment is in the best interest of the Estate and its creditors.

**NOTICE**

30. The Trustee has provided notice of this Application by serving a copy of it, together with the Affidavit and the Proposed Order, upon the Office of the United States Trustee, the Debtor, the Petitioning Creditors, WLF, V&L, and all parties that have filed a notice of appearance and request for service of papers in this case, as reflected on the attached certificate of service. The Trustee submits that such notice is sufficient under the circumstances and requests that the Court approve such notice and grant the Application without a hearing unless a timely objection is filed.

WHEREFORE, the Trustee respectfully requests that the Court enter an order, substantially in the form of the Proposed Order: (a) authorizing the Trustee to employ and retain M&K as special litigation counsel to the Trustee, for the specified special purposes set forth herein, effective as of November 11, 2026; (b) providing that M&K shall be compensated only upon further application to and approval by the Court; and (c) granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

GARY M. WEINER, Chapter 7 Trustee of the Estate of Premier Property Solutions, LLC

/*s/ Gary M. Weiner, Esq.*
Gary M. Weiner, Esq. (BBO #548341)
Weiner Law Firm, P.C.
1441 Main Street, Suite 610
Springfield, MA 01103
Tel: (413) 732-6840
Email: GWeiner@weinerlegal.com

Dated: November 25, 2026

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**
(Eastern Division)

In re:

PREMIER PROPERTY SOLUTIONS, LLC,

Debtor.

Chapter 7

Case No. 26-12134-JEB

**CERTIFICATE OF SERVICE**

I, Gary M. Weiner, hereby certify that on November 25, 2026, I caused a copy of the foregoing Application of Chapter 7 Trustee for Order Authorizing the Employment and Retention of Murphy & King, Professional Corporation as Special Litigation Counsel to the Trustee, together with the Affidavit and the Proposed Order, to be served via the Court's CM/ECF system, electronic mail, or first class mail, postage prepaid, upon the parties listed below.

Richard King, United States Trustee — USTPRegion01.BO.ECF@USDOJ.GOV

Eric K. Bradford, Esq., Office of the United States Trustee — Eric.K.Bradford@usdoj.gov

Premier Property Solutions, LLC, 190 High Street, Floor 6, Boston, MA 02109; and c/o its Manager, 10 Hallwood Road, Brookline, MA 02467

Ruberto, Israel & Weiner, P.C., Resident Agent for Premier Property Solutions, LLC, 255 State Street, 7th Floor, Boston, MA 02109

James C. Fox, Esq. and John E. Murray, Esq., counsel to Interested Party Robert Weintraub — via CM/ECF

Jesse I. Redlener, Esq., counsel to 50 Commonwealth Avenue Condominium Trust — via CM/ECF

David A. Conti, Esq. and Mitchell T. Lyon, Esq., counsel to Board of Managers of the Harcourt Condominium Association and Trustees of the 30 Worcester Square Condominium Trust — via CM/ECF

Kenneth J. DeMoura, Esq., counsel to Gleason School Condominium Trust — via CM/ECF

Jeremy Christopher Bardsley, Esq., counsel to City of Boston Treasury Department — via CM/ECF

Gary M. Weiner, Esq., Chapter 7 Trustee, Weiner Law Firm, P.C. — GWeiner@weinerlegal.com

Matthew R. Flynn, CPA, CFF, CIRA, Verdolino & Lowey, P.C. — mflynn@vlpc.com

Petitioning Creditors: Claridge House Trust, 1933 Commonwealth Avenue, Boston, MA 02135; 552 Massachusetts Avenue Condominium Trust, 552 Massachusetts Avenue, Boston, MA 02118; Cobb House Condo Trust, 21 Joy Street, Boston, MA 02114; 232 Marlborough Street Condominium Trust, 232 Marlborough Street, Boston, MA 02116

PPS ABC, LLC, c/o KCP Advisory Group, LLC, Attn: Paul Valentine — pvalentine@kcpadvisory.com

Jonathan M. Horne, Esq., Harris Beach Murtha Cullina PLLC — jhorne@harrisbeachmurtha.com

All parties requesting electronic notice via CM/ECF

*/s/ Gary M. Weiner*.
Gary M. Weiner

**EXHIBIT A**

(Proposed Order)

**EXHIBIT B**

(Affidavit)